MCKOOL SMITH P.C.
Peter S. Goodman
Sachin S. Bansal
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

- and –

Robert Manley
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

- and –

Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

*Counsel to the Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **BEARINGPOINT, INC., et al.,** | : | **09 - 10691 (REG)** |
| Debtors. | : | **(Jointly Administered)** |
| | | |
| **JOHN DeGROOTE SERVICES, LLC,** | : | |
| Plaintiff | : | |
| vs. | : | **Adversary No. 10-03272** |
| **CARTUS CORPORATION,** | : | |
| Defendant. | : | |

1

# STIPULATION AND AGREED ORDER RESOLVING COMPLAINT FILED BY THE BEARINGPOINT, INC. LIQUIDATING TRUSTEE AGAINST CARTUS CORPORATION

Cartus Corporation ("*Cartus*") and John DeGroote Services LLC (the "*Liquidating Trustee*"), the Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust (the "*Liquidating Trust*") on behalf of BearingPoint, Inc. ("*BearingPoint*") and, together with Cartus, (the "*Parties*"), by their undersigned attorneys, respectfully submit this stipulation and agreed order (the "*Stipulation*").

## RECITALS

A. On June 22, 2001, BearingPoint and Cartus entered into a Relocation Management Agreement (as amended from time to time, the "*2001 Agreement*").[1] Under the 2001 Agreement, Cartus served as a provider of a wide range of employee relocation services to certain BearingPoint employees. On December 18, 2008, Cartus provided BearingPoint with a written notice of termination of its services under the 2001 Agreement.

B. On February 18, 2009 (the "*Petition Date*"), BearingPoint and certain of its affiliated subsidiaries (collectively with BearingPoint, the "*Debtors*") filed voluntary petitions for relief under Title 11, United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*"), jointly administered under Case No. 09-10691 (REG).

C. By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "*Plan*"). The Plan has become effective by its terms.

---

[1] At the time of execution in 2001, both parties were doing business under different names. BearingPoint was known as KPMG Consulting, Inc., and Cartus was known as Cendant Mobility Services Corporation (a subsidiary of Cendant Corporation).

D. Pursuant to Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement ("***Trust Agreement***"). Pursuant to the Trust Agreement and the Plan, John DeGroote Services, LLC was appointed Liquidating Trustee of the Liquidating Trust. Pursuant to Article 5.7 of the Plan, the Debtors' avoidance actions under Chapter 5 of the Bankruptcy Code were transferred to the Liquidating Trust. Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Trustee is authorized to enforce, prosecute, settle or compromise any and all such claims. Accordingly, the Liquidating Trust owns, and the Liquidating Trustee is entitled to prosecute, the claims asserted in this lawsuit.

E. On May 28, 2010, the Liquidating Trustee filed his *Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (the "***Complaint***"). The Liquidating Trustee alleges that, during the 90 days prior to the Petition Date, Cartus received payments totaling $1,732,097.89, which the Liquidating Trustee claims constitute avoidable transfers under chapter 5 of the Bankruptcy Code (the "***90 Day Payments***").

F. On August 3, 2010, Cartus filed an Answer to the Complaint, which denies that the 90 Day Payments are recoverable as avoidable transfers.

G. On December 3, 2010, the Parties held a successful mediation before Eric J. Haber, Esq. of Cooley LLP, a member of this Court's panel of mediators. Based upon the Parties' negotiations, and as further described below, the Parties have agreed upon certain conditions and an amount payable by Cartus to the Liquidating Trust that resolves the Complaint and serves as a global settlement between the Liquidating Trustee and Cartus.

## STIPULATION AND ORDER

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that:

1. Each of the above recitals is incorporated herein as though they were fully set forth at length.

2. Each of the undersigned attorneys represents and warrants that he has all necessary authority to enter into this Stipulation on behalf of the Party indicated.

3. On or before January 4, 2011, Cartus shall pay to the Liquidating Trust by wire transfer a settlement payment in the amount of $943,508.71[2] (the "***Settlement Payment***").[3]

4. Upon the Liquidating Trust's receipt of the Settlement Payment, and except for the rights specifically enumerated herein, the Liquidating Trustee, on behalf of himself and the Liquidating Trust, the bankruptcy estate of BearingPoint, and each of their respective current parents, subsidiaries, affiliates, officers, directors, shareholders, agents, members, managers, attorneys, representatives, employees, insurers, trustees, heirs, executors, administrators, successors, predecessors and assigns, and each of them, and, to extent he has the power to do so, on behalf of BearingPoint, and each of its respective current parents, subsidiaries, affiliates, officers, directors, shareholders, agents, members, managers, attorneys, representatives, employees, insurers, trustees, heirs, executors, administrators, successors, predecessors and

---

[2] During the December 3, 2010 mediation, the Parties agreed to a settlement payment of $950,000, which amount has now been reduced by $6,491.29 to account for the payment of an allowed administrative priority claim due and owing from the Liquidating Trustee to Primacy Relocation LLC, a wholly-owned subsidiary of Cartus.

[3] In the event that this Stipulation has not become a final, non-appealable order by January 4, 2011, Cartus shall pay the Settlement Payment by wire transfer to the trust account of the Liquidating Trustee's counsel, McKool Smith P.C. Upon notice to Cartus by the Liquidating Trustee that the Stipulation has become final and non-appealable (the "***Stipulation Effective Date***"), the Settlement Payment shall be transferred to the Liquidating Trust. If the Settlement Effective Date does not occur prior to March 15, 2011, the Settlement Payment shall be returned to Cartus.

assigns, and each of them, hereby release, acquit, and forever discharge and covenant not to sue Cartus and each of Cartus's current, former, and any future parents, subsidiaries, affiliates, officers, directors, shareholders, partners, agents, members, managers, attorneys, representatives, employees, insurers, trustees, heirs, executors, administrators, successors, predecessors and assigns, and each of them, of and from any and all Released Claims;[4] provided, however, that notwithstanding the foregoing or anything else in this Stipulation, the Liquidating Trustee and Liquidating Trust do not release any claim or cause of action against: (i) any former or current officer, director, or employee of the Debtors or (ii) any party listed on the confidential list of litigation targets contained in the side-letter from Basil A. Umari to Debra Felder dated December 29, 2010 (the "Side Letter"); provided further, however, that notwithstanding the foregoing or anything else in this Stipulation, the Liquidating Trustee and Liquidating Trust do not waive their right to object to any proof of claim, administrative expense claim, or other claim filed or or otherwise asserted against the Debtors' estates.

5. Except for the rights specifically enumerated herein, Cartus, on behalf of itself and its respective current parents, subsidiaries, affiliates, officers, directors, shareholders, agents, members, managers, attorneys, representatives, employees, insurers, trustees, heirs, executors, administrators, successors, predecessors, and assigns, and each of them, hereby releases, acquits, and forever discharges and covenants not to sue each of the Liquidating Trustee and the

---

[4] "Released Claims" means any and all claims, obligations, demands, liens, agreements, contracts, covenants, debts, costs, expenses, damages, judgments and liabilities of whatever kind or nature, in law, equity or otherwise, including but not limited to claims for attorneys' fees or costs (all of the foregoing collectively referred to herein as "Claims"), whether now known or unknown, vested or contingent, suspected or unsuspected, that have existed or may have existed, or that do exist as of the Stipulation Effective Date, or that could or do later accrue as a result (in whole or in part) of transactions, occurrences, acts or omissions that have occurred as of the Stipulation Effective Date. Without detracting from the generality of the foregoing, "Released Claims" include, without limitation, any and all Claims arising out of or in any way relating to the adversary proceeding styled as *John DeGroote Services, LLC v. Cartus Corporation*, Adv. No. 10-03272, filed in the Bankruptcy Court.

Liquidating Trust, and each of the Liquidating Trustee's and the Liquidating Trust's current, former, and any future parents, subsidiaries, affiliates, officers, directors, shareholders, partners, agents, members, managers, attorneys, representatives, employees, insurers, trustees, heirs, executors, administrators, successors, predecessors, and assigns, and each of them, with respect to any and all Released Claims.

6. For the purpose of implementing the full and complete releases, the parties expressly acknowledge that this Stipulation is intended to include in its effect, without limitation, all Claims, known or unknown, suspected or unsuspected, that they may have against each other by reason of any matter, cause, event, or thing whatsoever occurring or arising at any time before the Stipulation Effective Date, or that could or do later accrue as a result (in whole or in part) of transactions, occurrences, acts or omissions that have occurred as of the Stipulation Effective Date, and this Stipulation further contemplates the extinction of any and all such Claims. The parties hereto expressly waive any right hereafter to assert that any such claim has, through ignorance or oversight, been omitted from this Stipulation, and further assume full responsibility for any injury, damages, losses or liability of any kind or nature whatsoever, that any party hereto has incurred, or may incur, from the above-specified waiver. The parties each further acknowledge and understand that it is possible that they, or their agents or attorneys, may discover Claims or facts different from or additional to the ones they presently believe to exist concerning this Stipulation or the Claims compromised, dismissed or released hereby. The parties each expressly accept and assume the risk of any such different or additional Claims or facts, and agree that this Stipulation, and the compromises, releases, dismissals and other provisions hereof, shall upon the Stipulation Effective Date remain effective notwithstanding the discovery of any such different or additional Claims or facts.

7. Upon the Stipulation Effective Date, the Liquidating Trustee shall promptly file a stipulation of dismissal signed by the Parties in the adversary proceeding styled as *John DeGroote Services, LLC v. Cartus Corporation*, Adv. No. 10-03272 (the **"Adversary Proceeding"**), filed in the Bankruptcy Court, without costs or attorneys' fees to either Party.

8. This Stipulation shall not be construed as an admission by any of the Parties of fault liability, or any acts of wrongdoing, or the violation of any international, federal, state, or local law, ordinance or regulation, nor shall it be considered as evidence of any such alleged fault liability, wrongdoing, or violation of any international, federal, state or local law, ordinance or regulation. The Parties each completely deny any fault, wrongdoing or liability, and affirm that their reason for entering into this Stipulation was to avoid the cost and inconvenience of further litigation.

9. Each Party shall bear all attorneys' fees and costs incurred by such Party in connection with the Adversary Proceeding and this Stipulation.

10. This Stipulation shall be governed, in all respects, by the laws of the State of New York, irrespective of its choice of law rules.

11. Each of the Parties hereby expressly represents and warrants that it has the requisite power, authority, and legal capacity to enter into and execute this Stipulation and to bind the Parties. The Liquidating Trustee warrants that the Liquidating Trust owns all claims and causes of action of the Debtors against Cartus that are being released herein and all claims and causes of action asserted by the Liquidating Trustee or the Liquidating Trust in the Adversary Proceeding.

12. This Stipulation, together with the Side Letter, constitutes the entire agreement between the Parties with respect to the subject matter herein. All representations, warranties,

inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party hereto relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

13. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party hereto unless such modification, amendment, or waiver is in writing and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced.

14. This Stipulation may be executed in any number of counterparts, and all such counterparts, taken together, shall be deemed to constitute one and the same instrument.

15. The Parties acknowledge that this Stipulation is the joint work product of all of Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

16. The Parties agree that any and all disputes arising out of or otherwise relating to this Stipulation shall be brought in the Bankruptcy Court.

17. This Stipulation shall be binding on the Parties from the date of its execution.

18. This Stipulation may be executed in multiple counterparts and transmitted via facsimile, with the facsimile signature treated as an original signature, and any and all of which shall be construed as and enforceable as the Stipulation. The effective date of this Stipulation shall be the date of its execution by the last of the Parties.

| | |
|---|---|
| By:   /s/ Robert Manley<br>      Robert Manley | By:   /s/ Debra L. Felder<br>      Thomas C. Mitchell<br>      Debra L. Felder |

By:   /s/ Robert Manley
     Robert Manley

MCKOOL SMITH P.C.

300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

*Attorneys for Liquidating Trustee*

By:   /s/ Debra L. Felder
     Thomas C. Mitchell
     Debra L. Felder

ORRICK, HERRINGTON & SUTCLIFFE LLP

Thomas C. Mitchell
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5732
Fax: (415) 773-5759

and

Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Tel: (202) 339-8400
Fax: (202) 339-8500

*Attorneys for Cartus Corporation*

IT IS SO ORDERED.

Dated: New York, New York
      ***January 6, 2011***

                                      ***s/ Robert E. Gerber***
                                      THE HONORABLE ROBERT E. GERBER
                                      UNITED STATES BANKRUPTCY JUDGE